IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

**Date: April 30, 2008**

Courtroom Deputy: Ginny Kramer
Court Reporter: Darlene Martinez
Probation Officer: Laura Ansart

---

**Criminal Case No. 07-cr-00183-12-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Michele Korver |
| v. | |
| 12.  MIESHA MAN, | Scott Jurdem |
|      Defendant. | |

---

## SENTENCING MINUTES

---

**10:00 a.m.    Court in session.**

The Defendant is present in Court (in custody).

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report (and addendum).

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of her punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and addendum.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction(s), sentence(s), and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure [#661] filed April 29, 2008, is **granted.** That the Government's Motion to Dismiss [#662] filed April 29, 2008, is **granted**. That the Government's Motion for Decrease for Acceptance of Responsibility [#663] filed April 30, 2008 is **granted**.

3. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count Thirty-six (36) of the Indictment.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **thirty (30) months**.

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **one (1) year**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7. That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    - that the defendant shall not possess or use illegally any controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA;

    - that defendant shall submit to one drug test within fifteen days from his release from prison, as directed by the probation department, and thereafter, to a least two periodic tests for the use of controlled substances as directed and determined by the court;

    - That as directed by her probation officer, the defendant shall undergo a mental health evaluation and an alcohol and substance abuse evaluation and, thereafter, receive any treatment, therapy, counseling, testing or education prescribed by those evaluations or as reasonably directed by her probation officer, or as ordered by the Court; and

    - That the defendant shall abstain from the use of alcohol and other intoxicants during the course of any such treatment, therapy, counseling, testing or education; provided furthermore, that the probation officer is authorized to release to any bona fide treating agency, entity or individual, any psychological reports and the pre-sentence report to ensure continuity of treatment.

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

11. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

12. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

13. That the Court recommends that the Bureau of Prisons place the in a facility which will facilitate her participation in and completion of the Bureau of Prison's RDAP program.

13. That the defendant is remanded to the custody of the United States Marshal.

The Defendant waives formal advisement of appeal.

**10:40 a.m.    Court in recess.**

*Total in court time: 00:40 minutes  - Hearing concluded*